1

2

3            **UNITED STATES DISTRICT COURT**

4            **EASTERN DISTRICT OF CALIFORNIA**

5

| | |
|---|---|
| 6 **LYNDA MOREN, PATRICIA BROWN, and EVETTE PAREDES,** | **CASE NO. 1:21-cv-01206-AWI-JLT** |
| 7 **Plaintiffs,** | **ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFFS'** |
| 8 **v.** | **MOTION TO REMAND** |
| 9 **NATIONAL EXPRESS TRANSIT, INC., MICHELLE JORGENSEN, and DOES 1 through 100, inclusive,** | (Doc. Nos. 8, 9 & 12) |
| 10–12 **Defendants.** | |

13

14        In this case, Lynda Moren, Patricia Brown, and Evette Paredes allege that National Express

15   Transit, Inc., their current or former employer, is liable for numerous violations of California

16   employment law.  Plaintiffs have also alleged that Michelle Jorgensen, a shared supervisor who is

17   employed by National Express, is personally liable under California law for workplace retaliation.

18   Now before the Court is Defendants' separate motions to dismiss, and Plaintiffs' motion to

19   remand the proceedings back to state court.  For the reasons that follow, the Court will grant

20   Plaintiffs' motion and deny Defendants' motions as moot.

21

22                                    **BACKGROUND**

23        Plaintiffs filed their lawsuit in state court on May 17, 2021.  Doc. No. 1 at 30–60

24   ("Compl.").  In their complaint, Plaintiffs collectively set forth eleven claims for relief:  (1)

25   wrongful termination, in violation of public policy (¶¶ 41–49); (2) violation of California Labor

26   Code § 1102.5 (¶¶ 50–58); (3) violation of California Labor Code § 232.5 (¶¶ 59–66); (4)

27   violation of California Labor Code § 6310 (¶¶ 67–75); (5) disability discrimination, in violation of

28   California Government Code § 12940(a) (¶¶ 76–86); (6) failure to accommodate, in violation of

1  California Government Code § 12940(m) (¶¶ 87–94); (7) failure to engage in an interactive

2  process, in violation of California Government Code § 12940(n) (¶¶ 95–102); (8) violation of the

3  California Family Rights Act, California Government Code §§ 12945.1, 12954.2, 19702.3

4  (¶¶ 103–109); (9) interference with exercise of family leave rights, in violation of the Family

5  Rights Act (¶¶ 110–115); (10) retaliation, in violation of the Family Rights Act (¶¶ 116–121); and

6  (11) failure to prevent and correct discrimination, in violation of California Government Code

7  § 12940(k) (¶¶ 122–132).  The eleven causes of action are brought by and against different

8  configurations of the named parties.  Relevant for this order, Jorgensen—who is described in the

9  complaint as a "general manager"—is named as a defendant solely for purposes of the second

10  cause of action (violation of Labor Code § 1102.5).  Id., ¶¶ 3, 8.

11      After National Express filed a partial answer, Defendants removed the action to this Court

12  on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).  Doc. No. 1 at 1–24, 99–109.

13      Now before the Court are three separate motions from the parties.  Jorgensen has moved to

14  dismiss the single cause of action against her pursuant to Federal Rule of Civil Procedure 12(b)(6).

15  Doc. No. 8.  National Express has moved to dismiss the three causes of action brought by Plaintiff

16  Brown pursuant to Rule 12(b)(6).  Doc. No. 9.  And Plaintiffs have moved under 28 U.S.C.

17  § 1447(c) to remand the case to state court for this Court's lack of subject-matter jurisdiction.

18  Doc. No. 12.  The parties have submitted opposition and reply briefing for each motion.  Doc.

19  Nos. 15, 16, 17, 18 & 19.  The Court will turn to Plaintiffs' motion first.

20

21                                    **DISCUSSION**

22      To remove this action on diversity grounds, Defendants asserted that Jorgensen is a

23  fraudulently joined defendant whose citizenship should be disregarded for determining whether

24  the requirements for diversity jurisdiction are satisfied.  Doc. No. 1 at 12–14.  Plaintiffs' motion to

25  remand singly challenges this assertion.

26      Diversity jurisdiction under 28 U.S.C. § 1332 "requires complete diversity, meaning that

27  each plaintiff must be of a different citizenship from each defendant."  Grancare, LLC v. Thrower

28  by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (cited source omitted).  "In determining

                                           2

1  whether there is complete diversity, district courts may disregard the citizenship of a non-diverse

2  defendant who has been fraudulently joined." Id. Fraudulent joinder may be established by

3  showing that "an 'individual[ ] joined in the action cannot be liable on any theory.'" Id. (quoting

4  Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)). "But 'if there is a *possibility*

5  that a state court would find that the complaint states a cause of action against any of the resident

6  defendants, the federal court must find that the joinder was proper and remand the case to the state

7  court.'" Id. (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009)). As

8  explained by the Ninth Circuit, there is a "general presumption against [finding] fraudulent

9  joinder" and a defendant invoking diversity jurisdiction on this basis faces a "heavy burden" to

10  prove fraudulent joinder by clear and convincing evidence. Id. (quoting Hunter, 582 F.3d at

11  1046); Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

12         The fraudulent-joinder dispute here boils down to whether an individual can be found

13  personally liable under California Labor Code § 1102.5. Broadly, this statute makes it unlawful

14  for "[a]n employer, or any person acting on behalf of the employer," to retaliate against an

15  employee for either disclosing information regarding a violation of or noncompliance with a

16  statute, rule, or regulation, or refusing to participate in an activity that would result in such a

17  violation or noncompliance. § 1102.5(b)–(c); Soukup v. Law Offices of Herbert Hafif, 39 Cal. 4th

18  260, 287 (2006) ("Labor Code section 1102.5 is a whistleblower statute, the purpose of which is to

19  'encourag[e] workplace whistle-blowers to report unlawful acts without fearing retaliation.'"

20  (quoted source omitted)). For their second cause of action, Plaintiffs allege that all Defendants

21  (including Jorgensen) violated § 1102.5 when they "retaliated against Plaintiffs and then

22  unlawfully terminated Plaintiff, Lynda Moren, after she complained about ongoing dangerous

23  working conditions associated with the ongoing COVID-19 pandemic." Compl., ¶¶ 52–54.

24  Notwithstanding these allegations, Defendants asserted in their removal notice that Jorgensen is a

25  "sham defendant" because she cannot be found personally liable under § 1102.5 as a matter of

26  law. Plaintiffs now challenge that assertion, arguing that remand is warranted because the issue of

27  personal liability under the statute is unsettled.

28         The Court agrees with Plaintiffs' position. Notably, California district courts that have

1  considered this exact issue from this particular procedural posture have continually determined

2  that the action must be remanded because, as a matter of state law, it is not obvious whether a

3  defendant can or cannot be found personally liable under § 1102.5.  See Ferguson v. Marsh &

4  McLennan Agency LLC, No. 21-cv-00585-JST, 2021 WL 4974798, at *4 (N.D. Cal. June 10,

5  2021); Summer v. Meridian Senior Living, LLC, No. CV 21-4051 FMO (AFMx), 2021 WL

6  2285103, at *2 (C.D. Cal. June 4, 2021); Baker v. Sunrise Senior Living, No. 2:20-CV-07167-

7  ODW (SKx), 2020 WL 7640731, at *3–4 (C.D. Cal. Dec. 23, 2020); Reyes v. Dunbar Armored,

8  Inc., No. CV 19-10974 DMG (JEMx), 2020 U.S. Dist. LEXIS 15867, at *3–4 (C.D. Cal. Jan. 29,

9  2020); Tan v. InVentiv Health Consulting Inc., No. CV 19-07512-CJC (ASx), 2019 WL 5485654,

10  at *3 (C.D. Cal. Oct. 24, 2019); Garcia v. Randstad Gen. Partner, US, LLC, No. CV 19-1604-JFW

11  (Ex), 2019 WL 1959578, at *2 (C.D. Cal. May 2, 2019); Jackson v. Dollar Tree Distribution, Inc.,

12  No. CV 18-2302 PSG (SKx), 2018 WL 2355983, at *6 (C.D. Cal. May 23, 2018); Cole v. CVS

13  Pharmacy Inc., No. 2:16-cv-02804-GHW, 2017 U.S. Dist. LEXIS 8404, at *2–3 (E.D. Cal. Jan.

14  18, 2017); Lewis v. Wells Fargo Bank, N.A., No. LA CV 167377 PA (RAOx), 2016 WL 7107760,

15  at *2 (C.D. Cal. Dec. 5, 2016); Webb v. Hyatt Hotels Corp., No. EDCV 16-1704-GW (DTBx),

16  2016 U.S. Dist. LEXIS 159748, at *2–3 (C.D. Cal. Nov. 16, 2016); Khan v. Infor (US) Inc., No.

17  SACV 1600657-CJC (KESx), 2016 WL 3751615, at *4 (C.D. Cal. July 13, 2016); O'Neill v.

18  Grupo Radio Centro LA, LLC, No. 2:15-cv-06116-SVW-JC, 2015 WL 6453073, at *3 (C.D. Cal.

19  Oct. 21, 2015); De La Torre v. Progress Rail Servs. Corp., No. CV 15-4526 FMO (GJSx), 2015

20  WL 4607730, at *4 (C.D. Cal. July 31, 2015).

21       To be sure, none of these decisions determined that personal liability can actually be

22  imposed under § 1102.5.  But each granted a motion to remand on the basis that fraudulent joinder

23  had not been established because California law remains "unsettled" on the personal liability issue.

24  Ferguson, 2021 WL 4974798, at *4.  In brief, the unsettled nature of that issue exists because

25  relevant statutory language is ambiguous and no binding California case law has addressed (much

26  less resolved) that ambiguity since the statute was amended in 2014 to newly prohibit "any person

27  acting on behalf of the employer" from retaliating against an employee.  Ferguson, 2021 WL

28  4974798, at *4; see also Baker, 2020 WL 7640731, at *3 (describing contradicting post-

4

1  amendment conclusions from California trial courts on the personal liability issue).  As explained

2  in each successive district court decision, this combination of ambiguity and state court silence

3  leaves uncertainty, and that uncertainty runs in favor of remanding the action.  E.g., Ferguson,

4  2021 WL 4974798, at *4; see also Luther v. Countrywide Home Loans Servicing LP, 533 F.3d

5  1031, 1034 (9th Cir. 2008) ("A defendant seeking removal has the burden to establish that

6  removal is proper and any doubt is resolved against removability.").

7      These earlier decisions have also considered and rejected the same arguments Defendants

8  make in opposition to Plaintiffs' motion.  As Defendants correctly point out, there is a significant

9  collection of federal case law that has determined that § 1102.5 cannot be used to impose personal

10  liability.  See, e.g., United States ex rel. Lupo v. Quality Assurance Servs., Inc., 242 F. Supp. 3d

11  1020, 1030 (S.D. Cal. 2017); Tillery v. Lollis, No. 1:14-cv-02025-KJM-BAM, 2015 WL 4873111,

12  at *9–10 (E.D. Cal. Aug. 13, 2015).  But these separate district court decisions have all resolved

13  merits-related motions that require the court to employ a legal standard that is distinct from the

14  more demanding jurisdictional inquiry it must use to consider the propriety of removal based on

15  fraudulent joinder.  See Cole, 2017 U.S. Dist. LEXIS 8404, at *3–4; see also Grancare, LLC, 889

16  F.3d at 549–50 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has

17  not necessarily been fraudulently joined.").  For the same reason, the Court also finds as

18  unpersuasive Defendants' citation to three cases where a remand motion of this kind has been

19  denied.  Dias v. Burberry Ltd., No. 21-cv-192-MMA (JLB), 2021 WL 2349730, at *5 (S.D. Cal.

20  June 9, 2021); Gonzalez v. Trojan Battery Co., LLC, No. 2:20-cv-02735-SVW-MRW, 2020 WL

21  2857487, at *2 (C.D. Cal. June 2, 2020); Browand v. Ericsson Inc., No. 18-cv-02380-EMC, 2018

22  WL 3646445, at *6 (N.D. Cal. Aug. 1, 2018).  Each of these decisions relied solely on other

23  district court decisions that applied an entirely different and less stringent legal standard.  See Tan,

24  2019 WL 5485654, at *3 ("And all of the district court cases which purportedly establish the

25  'consensus' were decided on Rule 12(b)(6) motions, rather than motions to remand, where 'any

26  doubt is resolved against removability.'  When district courts confront this issue on motions to

27  remand, they consistently rule for plaintiffs." (quoted source omitted)).

28      In sum, the Court will remand this case to state court, finding that Defendants have not

carried their burden to establish that it would not be possible for a state court to conclude that

Plaintiffs have stated a valid claim under § 1102.5 against Jorgensen.  Although it grants

Plaintiffs' motion, the Court will exercise its discretion to deny Plaintiffs' accompanying request

for attorney's fees under 28 U.S.C. § 1447(c).  While on-point authority points in one direction,

removal here was not objectively unreasonable given the lack of binding authority.  See Lussier v.

Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008).  Finally, because the case will be

remanded, the Court will deny Defendants' motions to dismiss as moot.  The Court's ruling as to

these motions shall be without prejudice to Defendants raising the same arguments in state court.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiffs' motion to remand (Doc. No. 12) is GRANTED;

2.      Plaintiffs' request for attorney's fees is DENIED;

3.      Defendants' motions to dismiss (Doc. Nos. 8 & 9) are DENIED as moot; and

4.      The Clerk shall REMAND this matter to the Kern County Superior Court.

IT IS SO ORDERED.

Dated:   November 30, 2021          _____

                                    SENIOR  DISTRICT  JUDGE